UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BARRY MORRIS CARSTENSEN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01731-SEB-DLP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This cause is before the Court on Defendant's Motion for Partial Summary Judgment [Dkt. 20], filed on August 9, 2019. Defendant seeks summary judgment against Plaintiff Vera Carstensen on grounds that she failed to exhaust her administrative remedies with respect to her loss of consortium claim alleged in the Complaint as required by the Federal Tort Claims Act ("FTCA"). Ms. Carstensen has not responded to Defendant's motion. For the reasons detailed below, we <u>GRANT</u> Defendant's Motion for Partial Summary Judgment.

**Factual Background**

This case arises from an incident that occurred on October 5, 2016, when Plaintiff Barry Carstensen, Ms. Carstensen's husband, drove a riding lawn mower off the grass and onto the roadway, attempted to cross the street, and was struck by a vehicle operated by a United States Postal Service (the "Postal Service") carrier. Compl. at 3. Mr.

Carstensen suffered a serious head injury as well as additional physical injuries as a result of the collision.

On January 26, 2017, Phillip G. Tougate of Toufate & Spellman sent a letter to Julie Huffman, the Postal Service carrier involved in the October 5, 2016 accident, requesting her insurance company's contact information. In the letter, he indicated that he had been retained to "represent Barry Morris Carstensen regarding the above mentioned accident." Dkt. 20-2. On February 6, 2017, a Tort Claim Coordinator for the Postal Service responded and informed Mr. Toufate that the Postal Service required a letter of representation authorizing Mr. Toufate to speak on his client's behalf. The Tort Claim Coordinator also included in the response a Standard Form 95 ("SF 95"), the form used to make a tort claim against the United States for damage, injury, or death. Dkt. 20-3.

On April 16, 2017, Mr. Toufate sent a letter to the Postal Service, again indicating that he had "been retained to represent Barry Morris Carstensen." Dkt. 20-4 at 1. On that same date, he submitted a SF 95 which listed the claimant as "Barry Morris Carstensen." *Id.* at 3. The SF 95 instructs the claimant to "[s]tate the nature and extent of each injury or cause of death, which forms the basis of the claim. If other than claimant, state the name of the injured person or decedent." *Id.* In response, Mr. Toufate listed only Mr. Carstensen's alleged injuries. *Id.* Mr. Toufate signed the SF 95 as the "Attorney for Barry Carstensen." *Id.* On November 19, 2018, the Postal Service sent Mr. Toufate a letter denying the tort claim, indicating that the letter was being sent "Re: Your Client: Barry Morris Carstensen." Dkt. 20-5.

2

Ms. Carstensen did not file a tort claim with the Postal Service. Herbst Aff. ¶¶ 4, 6. Although mentioned in Mr. Carstensen's SF 95, she was not listed as a claimant, nor did she personally sign the form or have it signed by an authorized agent or legal representative on her behalf. In this lawsuit, Ms. Carstensen alleges a claim for lack of consortium. Compl. ¶¶ 18, 26.

## Legal Analysis

I. **Summary Judgment Standard**

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must grant a motion for summary judgment if it appears that no reasonable trier of fact could find in favor of the nonmovant on the basis of the designated admissible evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). We neither weigh the evidence nor evaluate the credibility of witnesses, *id.* at 255, but view the facts and the reasonable inferences flowing from them in the light most favorable to the nonmovant. *McConnell v. McKillip*, 573 F. Supp. 2d 1090, 1097 (S.D. Ind. 2008).

Because Ms. Carstensen has failed to respond to Defendant's summary judgment motion, facts alleged in the motion are deemed admitted so long as support exists for them in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing summary judgment must … file and serve a response brief and any evidence … that the party relies on to oppose the motion. The response must … identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding

summary judgment."). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.     Federal Tort Claims Act

The FTCA embodies a limited waiver of the United States' sovereign immunity and is "the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment." *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012) (citing 28 U.S.C. § 2679(b)(1). Under the FTCA, "[t]he United States shall be liable … to tort claims in the same manner and to the same extent as a private individual under like circumstances…." 28 U.S.C. § 2674. As an express waiver of sovereign immunity, strict compliance with the provisions of the FTCA is required. *Frey v. E.P.A.*, 270 F.3d 1129, 1135 (7th Cir. 2001). Adherence to § 2675(a) of the FTCA by the plaintiff is a jurisdictional prerequisite in any federal court action. *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011 (7th Cir. 1991).

Section 2675(a) of the FTCA delineates guidelines for filing a complaint under the Act, requiring that such a complaint be filed only after the federal agency involved has had the opportunity to review and adjudicate the claim. 28 U.S.C. § 2675(a). Specifically, § 2675(a) reads:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury … unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make a final disposition of a claim within six months after it is filed shall,

4

> at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section ….

*Id.* The Department of Justice has promulgated regulations prescribing the manner of presenting an administrative claim under the FTCA. 28 C.F.R. § 14.2(a) provides:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss or property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

*Id.*

### III. Discussion

Here, the undisputed evidence establishes that Ms. Carstensen did not file a tort claim as required by § 2675(a) nor was she listed as a claimant on Mr. Carstensen's SF 95. Although Ms. Carstensen's having suffered a loss of her husband's companionship and services was referenced on the SF 95 filed on behalf of Mr. Carstensen, loss of consortium is considered an independent cause of action under Indiana law. *See Reason v. Gen. Motors Corp.*, 896 F. Supp. 829, 834 (S.D. Ind. 1995) (collecting Indiana state court decisions). Accordingly, district courts in our circuit have repeatedly held that a spouse must separately exhaust a loss of consortium claim. *See, e.g.*, *Richardson v. United States*, 831 F. Supp. 657, 661 (N.D. Ind. 1993) (dismissing loss of consortium claim when spouse did not exhaust administrative remedies); *Schamberger v. United States*, No. 06-C-1023, 2007 WL 1521502, at *1 (E.D. Wis. May 23, 2007) (dismissing

5

loss of consortium claim because the husband was "the 'claimant' of his loss of consortium claim, but he did not first present that claim to the proper administrative agency"); *Plescia v. United States*, No. 92 C 4149, 1993 WL 135307, at *2 (N.D. Ill. Apr. 23, 1993) (dismissing loss of consortium claim where the plaintiff did not separately exhaust the claim and was not listed as a "claimant" on her husband's SF 95).

Ms. Carstensen has not responded to the instant motion and thus has failed to present any developed argument that the SF 95 filed by Mr. Carstensen constituted notice and consent for her claim of loss of consortium. Because she failed to file an administrative claim of her own and was neither listed as a claimant on Mr. Carstensen's SF 95 nor otherwise identified therein as an individual on whose behalf Mr. Toufat had authority to present a claim, Ms. Carstensen has failed to exhaust her administrative remedies with regard to her loss of consortium claim, and her claim must therefore be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment [Dkt. 20] is <u>GRANTED</u>.

IT IS SO ORDERED.

Date: _10/25/2019_

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov

Phillip George Tofaute
TOFAUTE & SPELMAN
tslaw1@accident-law.com